## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

FLAGSTAR BANK,  FSB,                          )
                                              )
           **Plaintiff,**                     )
                                              )
         v.                                   )        **Civil Action No. 2013-0060**
                                              )
DENZIL FELIX, DESRA C. FELIX,                 )
and CHRISTIANSTED FEDERAL                     )
CREDIT UNION,                                 )
                                              )
           **Defendants.**                    )
_____)

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
           *For Plaintiff*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed in June 2015 (Dkt. No. 37) and the Amended Motion for Default Judgment filed on February 18, 2016 (Dkt. No. 42), by Plaintiff Flagstar Bank, FSB ("Flagstar") against Defendants Denzil Felix and Desra C. Felix (the "Felixes") and Christiansted Federal Credit Union ("Credit Union"). For the reasons discussed below, the Court will grant Plaintiff's Amended Motion for Default Judgment and deny as moot Plaintiff's Motion for Default Judgment.

### I.   BACKGROUND

On June 6, 2013, Flagstar filed a Complaint against the Felixes, alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1). The Felixes were served on June 25, 2013. (Dkt. Nos. 4, 5). They neither answered the Complaint nor appeared in

this action. The Clerk of Court entered a default against the Felixes on July 24, 2013. (Dkt. No. 8).

On July 11, 2014, Flagstar moved to amend its Complaint to add the Credit Union, which allegedly held a subordinate lien on the property that is the subject of this action. (Dkt. No. 19). The Court granted the Motion, and Flagstar filed its Amended Complaint on September 22, 2014. (Dkt. No. 23).

In its Amended Complaint, Flagstar asserts that the Felixes are titleholders of record to real property ("the Property"), described in the Warranty Deed as:

> Plot No. 1-L of Estate St. John, Queen Quarter, St. Croix U.S. Virgin Islands, consisting of 0.2375 U.S. acre(s), more or less, as more fully shown and described on OLG Drawing No. 2495 dated November 24, 1968.

(Dkt. No. 38-1). The Amended Complaint alleges that, on May 20, 2010, the Felixes, jointly and severally, executed and delivered to Ramber Corp. ("Ramber") a promissory note (the "Note"), which obligated them to pay the principal amount of $240,052.00, together with interest at a rate of 5.875% per annum, in consecutive monthly installments of $1,420.00 beginning July 1, 2010. (Dkt. No. 23, ¶¶ 8-9). To secure payment of the Note, the Felixes granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ramber and its successors and assigns, a first priority mortgage dated May 20, 2010 over the Property (the "Mortgage"), which provided that the Felixes would pay the payments due under the Note. *Id.* ¶¶ 11-12. The Amended Complaint goes on to say that, on or about January 1, 2013, the Felixes defaulted under the terms and conditions of the Note in that monthly installments of principal and interest became due and were not paid, and they also defaulted under the terms and conditions of the Mortgage because principal, interest, and other charges became due and were not paid. *Id.* ¶¶ 13, 14. Flagstar gave notice of default to the Felixes on March 1, 2013, advising them that failure to cure the default

would result in acceleration of the debt and foreclosure of the mortgage; however, the default had not been cured as of the date the Amended Complaint was filed. *Id.* ¶¶ 15, 16. Flagstar elected to accelerate the loan, such that the entire principal sum with unpaid accrued interest would become immediately due and payable. *Id.*, ¶18. On April 23, 2013, Ramber assigned its entire interest in the Property to Flagstar. *Id.* ¶ 19.

With regard to the debt cause of action, the Amended Complaint alleges that the Felixes, jointly and severally, owe Flagstar the unpaid principal balance, accrued interest, advances, expenses, fees, costs and late charges; that Flagstar is entitled to collect all sums due under the Note from the Felixes and is entitled to be reimbursed for any insurance premiums, taxes, or other charges it may pay with respect to the Property under the terms of the Mortgage; and that under the terms of the Note and Mortgage, Flagstar is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment on the Note or incidental to foreclosure on the Property. *Id.* ¶¶ 22-26. With regard to the foreclosure cause of action, the Amended Complaint provides that Flagstar has actual possession of and ownership rights to the Note and Mortgage, entitling it to maintain the foreclosure action, and the Felixes are in default under the terms and conditions of the Mortgage for failure to make timely payment of principal when due. *Id.*, ¶¶ 28, 29.

The Amended Complaint also states that, on March 15, 2013, the Credit Union recorded two Marshal's Certificates of Attachment of Real Property, dated January 25, 2013, related to the Property at issue. *Id.* ¶¶ 30, 31. The first Credit Union Lien arose out of an unrecorded $20,284.76 judgment entered in a Superior Court of the Virgin Islands action entitled *Christiansted Federal Credit Union v. Denzil Felix and Desra Felix* (the "First Credit Union Lien"). The second Credit Union Lien arose out of an unrecorded $8,446.49 judgment entered in

*Christiansted Federal Credit Union v. Denzil Felix* in the St. Croix Division of the Superior Court. *Id.* The Amended Complaint alleges that both Credit Union liens are subordinate to the Mortgage. *Id.* Flagstar asserts that it is entitled to foreclose its lien on the Property; foreclose both Credit Union Liens; sell the Property to satisfy the Note; and recover any deficiency from the Felixes. *Id.* ¶ 32.

Sandra Andrew, the Credit Union's Manager and Agent for Service of Process, was served with copies of the Summons and Complaint on October 14, 2014. (Dkt. No. 25). The Credit Union has neither answered the Complaint nor appeared in this action. On December 17, 2014, Flagstar filed an Application for Entry of Default against the Credit Union. (Dkt. No. 26). The Clerk of Court entered default against the Credit Union on December 22, 2014. (Dkt. No. 28).

On June 17, 2015, Flagstar filed its Motion for Default Judgment (the "Motion") (Dkt. No. 37), along with a Memorandum of Law in Support (Dkt. No. 38), an Affidavit of Indebtedness (Dkt. No. 39), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 40).

On February 4, 2016, the Court issued an Order requiring supplemental briefing. (Dkt. No. 41). In the Order, the Court noted that, as part of its Motion for Default Judgment, Flagstar had requested reimbursement for 3.15 hours of work by paralegals as part of its damages. *Id.* The Court ordered Flagstar to provide legal authority under Virgin Islands law for compensation of paralegal fees, as well as factual support for what a reasonable hourly rate for paralegals would be in this jurisdiction if such fees were compensable. *Id.*

In response, Flagstar filed its Amended Motion for Default Judgment in which it "waive[d] any recovery of paralegal fees in this matter." (Dkt. No. 42). It also filed, with

supporting documentation, an Amended Memorandum of Law (Dkt. No. 43); an Amended Declaration of Counsel in Support of Costs and Attorney's Fees (Dkt. No. 44); and an Affidavit of Indebtedness. (Dkt. No. 45).

In its Amended Memorandum of Law, Flagstar argues that the procedural elements for default judgment have been satisfied because: the Felixes and the Credit Union were properly served with copies of the Summons and Complaint, and the Clerk of Court entered default against the Felixes and the Credit Union for failing to answer, plead or otherwise defend the matter. (Dkt. No. 43 at 8). Flagstar asserts that the Felixes are not infants, incompetent persons, nor in the military service. *Id.*

Flagstar further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that: title to the Property is held by the Felixes, who executed the Note and the accompanying Mortgage; Flagstar has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; the Felixes have defaulted under the terms of both the Note and the Mortgage; Flagstar gave the Felixes proper notice of the default and they failed to cure the default; and Flagstar elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 8-9. In addition, Flagstar argues that its mortgage lien is superior to both the First and Second Credit Union Liens as a matter of law because its Mortgage is a first-priority mortgage lien on the Property, and thus the Credit Union's liens may be foreclosed as well. *Id.* at 9. Finally, Flagstar asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 9-13.

In support of the Amended Motion, Flagstar filed an Affidavit of Indebtedness, signed by Andrea Bilek, a Loan Administration Analyst with Flagstar Bank, who explained that the Bank's

document management system keeps track, and maintains business records, of transactions related to the Mortgage and Note as part of the Bank's regularly conducted business activity. (Dkt. No. 45, ¶¶ 2-3). The Declaration sets forth the amounts due and owing through June 1, 2015: $232,163.77 in unpaid principal balance; interest from December 1, 2012 through June 1, 2015 of $34,099.20; late charges of $2,105.84; escrow advances of $8,277.15, consisting of payment of insurance and property taxes; and property inspection fees of $351.50; for a total amount due of $276,997.56. *Id.* ¶¶ 10-13. Ms. Bilek asserts that interest accrues at the per diem rate of $37.37. *Id.* ¶ 14. She also states that, based on the information she reviewed in connection with the loan, she had no information indicating that the Felixes were either minors or incompetent. *Id.* ¶ 16. In addition, pursuant to an investigation Flagstar conducted on May 22, 2015 using official online resources provided by the Department of Defense's Manpower Data Center, there was no record that the Felixes were active members of the military service. *Id.*; Dkt. No. 39-8.

In its Amended Declaration of Counsel in Support of Costs and Attorney's Fees, Flagstar's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, and Attorney Nycole A. Thompson, billed $250.00 per hour in this case. (Dkt. No. 44). He attached billing records showing that the total time spent on this matter was 22.25 hours through June 16, 2015; that the total amount of attorney's fees incurred was $5,562.50; and that the total amount of costs expended was $873.62. *Id.*; Dkt. No. 44-1. His Memorandum of Law provided legal and factual support for the reasonableness of the hourly rates charged. (Dkt. No. 43, at 13-15, Dkt. Nos. 43-3-, 43-4, 43-5).

## II.  APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, '"the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment."' *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).  In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, '"[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."' *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default

judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## III.   ANALYSIS

### A.  Default Judgment

Flagstar has satisfied all of the requirements necessary to obtain a default judgment against the Felixes. It has shown that default was entered against the Felixes by the Clerk of Court (Dkt. No. 8); the Felixes were validly served with process (Dkt. Nos. 4, 5); and the Felixes have not appeared. Further, in the Affidavit of Indebtedness, Flagstar's Loan Administration Analyst, Andrea Bilek, who is familiar with the loan file, averred: "Based on the information I have reviewed in connection with the Subject Loan, I have no information indicating that Borrowers are minors or incompetent." (Dkt. No. 45, ¶ 16); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that bank official's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment).

In addition, Flagstar provided copies of Military Status Reports from the Department of Defense Manpower Data Center showing that neither Denzil Felix nor Desra Felix were in the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 45-8). Flagstar has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 45 and attachments).

Similarly, Flagstar has satisfied the requirements necessary to obtain a default judgment against the Credit Union by showing that: (1) default was entered against the Credit Union by the Clerk of Court (Dkt. No. 28); (2) the Credit Union has not appeared; and (3) the Credit Union was validly served with process. (Dkt. No. 25).

The Court has also considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from the Felixes' breach of their contractual obligations, and the apparent absence of a litigable defense for either the Felixes or the Credit Union, weigh in favor of the Court granting default judgment. In addition, the Felixes' and the Credit Union's default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 45-1, ¶ 6(E); Dkt. No. 45-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

9

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

First, with regard to the hourly rate, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Flagstar's Attorney, A.J. Stone, III, a senior associate at BoltNagi, PC, provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for partners at Virgin Islands law firms—who have over fifteen years of experience—is between $225.00 to $335.00 per hour. (Dkt. Nos. 43-3, 43-4, 43-5). Two of the affirmations indicate that associates are paid $250.00 per hour. *See* Dkt. No. 43-3 at 3 (noting that "the highest hourly billing rate for an associate attorney [at the declarant's firm] is $250.00/hr."); Dkt. No. 43-5 (stating that the typical associate attorney rate for foreclosure work is $250.00 per hour).

10

The billing records, spanning from April 10, 2013 through June 16, 2015, show that Attorneys Stone and Thompson billed $250.00 per hour. Based on the documentation provided, the Court concludes that the $250.00 per hour rate charged by Attorneys Stone and Thompson is reasonable and falls within the scope of rates for such services for comparable attorneys.

Second, with regard to the reasonableness of the time expended, Flagstar seeks compensation for 22.25 hours of work billed in this matter. This amount is higher than fees requested in run-of-the-mill default judgment debt and foreclosure cases. *See, e.g., Bank of America v. Deshazer*, 2014 WL 7450487, at *5 (D.V.I. Dec. 30, 2014) (awarding $3,645.00 in attorney's fees for 14.55 hours of work); *Flagstar Bank FSB v. Rivers,* No. 12-cv-93, (D.V.I. Mar. 18, 2014) (awarding $2,107.50 in attorney's fees for 10.00 hours of work). Here, the billing records show that counsel spent almost two hours in telephone conferences with the Felixes discussing mediation and reinstatement of the loan. Flagstar also billed for drafting a motion to amend the complaint, and for drafting the amended complaint to add the Credit Union as a Defendant, along with associated legal research. These billing entries partially explain the higher than usual attorney's fees requested. However, the Court notes that a total of twelve and one-half hours were billed between September 2013 through June 2015 to draft the Motion for Default Judgment and associated documents, without any explanation given for why the drafting may have presented difficulties above and beyond run-of-the-mill default judgment actions.[1] The Court will therefore reduce the attorney's fees requested by $1,000.00, and finds that attorney's fees of $4,562.50 is reasonable and will be awarded.

---

[1] See billing record entries for Sept. 26, 2013; Oct. 3, 4, 8, 10, 11, 16, 21, and 25, 2013; Mar. 20, 2014; July 7, 2014; May 19 and 22, 2015; and June 16, 2016. (Dkt. No. 44-1).

Flagstar also seeks reimbursement of $873.62 for "additional charges," representing title search, filing, recording, and process server fees, along with postage, certified mail, and messenger service fees. (Dkt. No. 44-1).

The Mortgage provides that the Bank is "entitled to collect all expenses incurred" in pursuing foreclosure remedies "including, but not limited to, reasonable attorneys' fees and costs of court." (Dkt. No. 45-2, ¶ 22). Here too, because the Mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located," *id.* ¶ 16, the Court will look to Virgin Islands law for guidance in determining appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are "allowed in a civil action."[2] "Expenses" are not defined by statute, nor are they defined in the Mortgage or other loan documents.[3]

In order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute). Similarly, in order for expenses (under the contract) to be reimbursed, they must also be reasonable. *See Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the terms of a contract, even for legal fees and administrative expenses, "unless the fee is unreasonable."); Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by

---

[2] The costs allowed under Virgin Islands law are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

[3] The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. *Terrell v. Coral World,* 55 V.I. 580, 591 n.14, 2011 WL 3492575 (V.I. July 20, 2011).

the Supreme Court of the Virgin Islands, effective February 1, 2011 (providing that fees and expenses awarded in the Virgin Islands must be "reasonable").

In view of the foregoing, the Court will look to Virgin Islands case law for guidance on what costs and expenses are "reasonable" and therefore allowed. Although Plaintiff has requested reimbursement for "additional charges," none of the items fit within the statutory definition of "costs." Rather, the items are properly considered expenses under the contract.

The Court finds that expenses related to title search, filing, recording, and process server fees are reasonable under the contract and will be allowed. *See, e.g.*, *Equivest St. Thomas, Inc. v. Gov't of Virgin Islands*, 46 V.I. 447, 2004 WL 3037953 at \*9–\*10 (D.V.I. Dec. 31, 2004) (finding filing fees, process service fees, transcript purchase fees, witness fees, and travel expenses to be "reasonable expenses which are normally charged paying clients."). The Court will thus award $857.00 in expenses.

On the other hand, it is well-established that "overhead costs," such as postage, are not compensable under § 541. *Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at \*1 (V.I. Super. Sept. 24, 2014). Neither are messenger service fees. *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at \*2 (D.V.I. Dec. 20, 2007). Under this case law, the Court finds Flagstar's request for $26.62 in postage and messenger service fees is unreasonable, and will disallow those expenses.

## IV. CONCLUSION

Flagstar has satisfied the requirements necessary for a default judgment against Defendants Denzil Felix and Desra C. Felix and the Christiansted Federal Credit Union. Accordingly, Flagstar's Amended Motion for Default Judgment (Dkt. No. 42) on the debt and foreclosure causes of action will be granted. The Court will deny Flagstar's initial Motion for

Default Judgment as moot. (Dkt. No. 37). In addition, the Court will award $4,562.50 in attorney's fees and $857.00 in expenses, for a total award of $5,419.50 in attorney's fees and expenses through June 16, 2015.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 4, 2016                                 _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge